UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LEE BRADLEY,

           Plaintiff,

v.

SWEDISH HEALTH SERVICES d/b/a
SWEDISH MEDICAL CENTER, et al.,

           Defendants.

C22-0581 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The motion brought by defendant Swedish Health Services d/b/a Swedish Medical Center ("Swedish"), docket no. 30, to quash eight (8) subpoenas duces tecum issued or intended to be issued by plaintiff, is GRANTED as follows:

        (a)    With respect to Swedish's three (3) current employees, namely Andrew Davis, Michelle Gillis, and Cindy Paget, the subpoenas duces tecum at issue are QUASHED with prejudice. Plaintiff seeks from these individuals emails, text messages, and other correspondence involving work-related matters that might have been sent or received on personal devices or accounts in violation of Swedish's policies. *See* Pl.'s Resp. at 5 & 6 (docket no. 32) (indicating that the subpoenas duces tecum at issue seek information on "personal email accounts and devices" and that "these individuals are not authorized to conduct work-related matters on personal devices/accounts"). Davis, Gillis, and Paget are under Swedish's control, and the proper method for plaintiff to request Swedish's business records from one of its employees, even if created and/or maintained in a manner inconsistent with Swedish's protocols, is through Federal Rule of Civil Procedure 34. *See* Parker v. Four Seasons Hotels, Ltd., 291 F.R.D. 181, 187 (N.D. Ill. 2013).

MINUTE ORDER - 1

(b) With respect to Swedish's five (5) former employees, namely Jon Flowers, Kye Freeman-Chaudry, Doug Green, Harriet Sculfield, and Elizabeth Wako, M.D., three of whom (Flowers, Green, and Dr. Wako) are represented by counsel for Swedish, the subpoenas duces tecum at issue are QUASHED without prejudice for (i) the reasons stated by counsel for Flowers, Green, and Dr. Wako, namely failure to provide a reasonable amount of time to respond and engaging in a fishing expedition, the burden of which far outweighs its likely benefit, *see* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(i); *see also* Fed. R. Civ. P. 26(b); and (ii) seeking materials that are potentially protected by attorney-client privilege or the work-product doctrine, which Swedish has standing to invoke. *See Lillywhite v. AECOM*, No. C18-1840, 2020 WL 4501596, at *2 (W.D. Wash. Aug. 5, 2020) ("[A] party has standing to object to a nonparty subpoena if 'the objecting party claims some personal right or privilege with regard to the documents sought.'") (quoting 9A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 2459 (3d ed. 2020)); *see also Anstead v. Va. Mason Med. Ctr.*, No. 21-cv-447, 2023 WL 34505, at *2 (W.D. Wash. Jan. 4, 2023) (citing Fed. R. Civ. P. 45(d)(3)(A)(iii)). Without ruling on the appropriate parameters, if any, of a subpoena duces tecum directed to Swedish's former employees, the Court observes that a discovery request must define documents by more than sender or recipient and timeframe to satisfy the standards of relevance and proportionality to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court further advises that any future subpoena duces tecum in this matter must provide the recipient at least twenty (20) days after service to comply.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of May, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2