UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LEE BRADLEY,

        Plaintiff,

v.

SWEDISH HEALTH SERVICES d/b/a SWEDISH MEDICAL CENTER, et al.,

        Defendant.

C22-0581 TSZ

MINUTE ORDER

Having reviewed Plaintiff's motion for partial summary judgment and to strike affirmative defenses, docket no. 53, Defendant's motion for summary judgment, docket no. 58, and all papers filed in support of, and in opposition to, the motions,[1] the following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Plaintiff's motion for partial summary judgment and to strike affirmative defenses, docket no. 53, is GRANTED in part and DENIED in part as follows.

        (a)    Plaintiff's motion for the Court to rule as a matter of law that he was constructively discharged is DENIED.

        (b)    Plaintiff's motion for summary judgment on his Title VII and Washington Law Against Discrimination ("WLAD") retaliation claims, claim nos. 6 & 11, is DENIED.

        (c)    Plaintiff's motion for summary judgment on his Americans with Disabilities Act ("ADA") and WLAD disability discrimination claims, claim nos. 1 & 7, is DENIED.

---

[1] The Court has determined that resolution of these motions does not require oral argument. *See* Local Rules W.D. Wash. LCR 7(b)(4). The Court also wants to provide the parties with these rulings before other pretrial deadlines.

MINUTE ORDER - 1

  (d) Plaintiff's motion for summary judgment on his Title VII disparate treatment claim, claim no. 5, and WLAD sexual orientation discrimination claim, claim no. 10, is DENIED.

  (e) Plaintiff's motion for summary judgment on his negligent supervision and hiring and failure to train claim, claim no. 13, is DENIED.

  (f) Plaintiff's motion to strike Defendant's affirmative defenses numbers 1 (failure to state a claim), 4 (*Faragher/Ellerth* defense), and 5 (actions taken in good faith) is GRANTED. Defendant's affirmative defenses numbers 1, 4, and 5 are STRICKEN from this case.

  (g) Plaintiff's motion to strike Defendant's affirmative defense number 2 (waiver, estoppel, laches) is DENIED as moot.

  (h) Plaintiff's motion to strike Defendant's affirmatives defenses numbers 3 (failure to mitigate) and 6 (after-acquired evidence) is DENIED.

(2) Defendant's motion for summary judgment, docket no. 58, is GRANTED in part and DENIED in part as follows.

  (a) Defendant's motion for summary judgment on Plaintiff's ADA disability discrimination claim, claim no. 1, is GRANTED. An ADA discrimination plaintiff "must show that the adverse employment action would not have occurred but for the disability." *See Murray v. Mayo Clinic*, 934 F.3d 1101, 1105–07 (9th Cir. 2019).

  (b) Defendant's motion for summary judgment on Plaintiff's WLAD disability discrimination claim, claim no. 7, Title VII disparate treatment claim, claim no. 5, and WLAD sexual orientation discrimination claim, claim no. 10, is DENIED.

  (c) Defendant's motion for summary judgment on Plaintiff's ADA and WLAD failure to accommodate claims, claim nos. 3 & 9, is GRANTED.

  (d) Defendant's motion for summary judgment on Plaintiff's ADA, Title VII, and WLAD retaliation claims, claim nos. 4, 6, & 11, is DENIED.

  (e) Defendant's motion for summary judgment on Plaintiff's ADA and WLAD hostile work environment on the basis of disability claims, claim nos. 2 & 8, is GRANTED.

  (f) Defendant's motion for summary judgment on Plaintiff's wrongful discharge in violation of public policy claim, claim no. 12, is DENIED. *See, e.g.*, *Rose v. Anderson Hay & Grain Co.*, 184 Wn. 2d 268, 284–87, 358 P.3d 1139 (2015); *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 577–80, 459 P.3d 371 (2020); *Quinn v. City of Vancouver*, C17-5969, 2021 WL 5182154, at *6–8 (W.D. Wash. June 9, 2021), *report*

MINUTE ORDER - 2

*and recommendation adopted*, 2021 WL 4190949 (W.D. Wash. Sept. 15, 2021); *Mathews v. Karcher N. Am, Inc.*, C21-5732, 2023 WL 3318613, at *11 (W.D. Wash. May 9, 2023).

      (g)    Defendant's motion for summary judgment on Plaintiff's negligent supervision and hiring and failure to train claim, claim no. 13, is GRANTED.

      (h)    In summary, Plaintiff's First, Second, Third, Eighth, Ninth, and Thirteenth causes of action, Compl. at ¶¶ 132–53, 175–87, 203–06 (docket no. 1), are DISMISSED from this case with prejudice.

(3)    The Court will issue an Order more fully explaining its reasoning as soon as possible.

(4)    Plaintiff filed several exhibits on the Docket under seal. *See* docket no. 57. Plaintiff has not, however, filed a motion to seal those exhibits as required by this Court's Local Rules. *See* Local Rules W.D. Wash. LCR 5(g). Additionally, it appears that the "Confidential" designations that would require the exhibits be filed under seal have been removed from several of the exhibits. *See* docket no. 60 (praecipe attaching unsealed exhibits). The entirety of docket no. 57 will be unsealed on December 19, 2023, unless Plaintiff shows cause why portions should remain under seal.

(5)    The Court intends to conduct trial in this case in a hybrid form, with jury selection by Zoom and the remainder of the trial in court.

(6)    The Court STRIKES the January 8, 2024, deadline for the parties to file proposed jury instructions and proposed voir dire scripts. The Court will circulate its initial proposed jury instructions and voir dire script to counsel prior to the pretrial conference. All other dates and deadlines remain in full force and effect.

(7)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of December, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3